Doyn and another, Respondents, vs. EBBESEN and wife, Appellants.

*September 19 — October 9, 1888.*

*Contracts: Condition precedent to payment: Performance rendered impossible; Improper performance of work: Counterclaim: Measure of damages: Immaterial error.*

1. Plaintiffs did certain plumbing and gas-fitting for the defendants according to contract, but before they could procure the inspection and certificates required by the contract to entitle them to payment, the defendants, without notifying the plaintiffs, raised the building, thereby displacing the pipes, destroying in part the work done, and rendering it impossible for the plaintiffs to procure such inspection and certificates. *Held,*

    (1) The defendants cannot refuse payment because of the plaintiffs' failure to obtain the certificates.

(2). The plaintiffs, having afterwards undertaken to replace and repair the pipes, are liable for damages resulting from failure properly to perform such work.

2. In an action to recover the .contract price of work, where the defendants counterclaimed damages on account of improper performance, an instruction that their recovery could not exceed the contract price is *held*, while probably erroneous, not to have been prejudicial to the defendants, the jury having awarded them a less sum.

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion. The defendants appealed from a judgment in favor of the plaintiffs.

*J. E. Wildish*, for the appellants.

For the respondents there was a brief by *Clarke & McAuliffe*, and oral argument by *J. M. Clarke*.

TAYLOR, J. This is an action to recover the contract price for doing the plumbing and gas-fitting in the appellants' house, and for a lien on such building, etc., for the amount claimed. The defense was that the plaintiffs had failed to perform the work according to the contract, and that, by the terms of the contract under which the work was done, the plaintiffs were not entitled to any pay until the same was completed and certified according to the contract.

The evidence conclusively shows that the plaintiffs agreed to do the gas-fitting and plumbing for the house according to the original plans and specifications, for a fixed sum, and to procure certain certificates showing that the same was done in accordance with the contract before they were entitled to be paid. The evidence tended strongly to show that the plaintiffs did the plumbing and gas-fitting for the house according to the original plans and specifications, and that after it was so done the defendants, without notifying the plaintiffs, raised the house two feet, and by so raising it the water and gas-pipes were displaced, broken,

and twisted so as to require a considerable amount of work to be done in order to put them in shape and fit them to the building as raised.

There was a special verdict, and among other things the jury found: "(1) That the plumbing was done according to the contract previous to the raising of the building. (2) That the gas-fitting was done according to the contract previous to the raising of the building. (3) That the building was raised after the plumbing and gas-fitting was completed. (4) The plumbing was inspected, as required by the contract and specifications, before the building was raised. (5) The plaintiffs were not notified of the raising of the building. (6) That the raising of the building made it necessary to overhaul and repair the plumbing and gas-fitting. (7) That the gas-fitting was not inspected and certified as required by the contract and specifications. (8) That the plaintiffs did not overhaul and repair the gas-fitting or plumbing to the extent required by the raising of the building. (9) That the defendants were damaged, by not doing the plumbing perfectly, in the sum of $5, and for not doing the gas-fitting perfectly, in the sum of $10."

All the above findings of the jury are supported by the evidence, and although they are excepted to as not being sustained by the evidence no point is made that these findings are not sustained by the evidence, upon the argument of this appeal.

The errors alleged by the learned counsel for the appellants are as follows: "(1) The court erred in dividing the contract as set out in the complaint. (2) The court erred in submitting the question of damages to the jury by reason of defective plumbing. (3) The court erred in granting a judgment for the plaintiffs. (4) The court erred in not granting defendants' motion for judgment. (5) The court errred in charging the jury that the damages for defective gas-fitting could not exceed the original cost, $16.50."

Doyn and another vs. Ebbesen and wife.

What is meant by dividing the contract as set out in the complaint is not very obvious; but we suppose it refers to the fact that the court permitted the plaintiffs to prove that they had performed the contract before the house was raised, and then permitted them to show that extra work was required to put it in shape and complete it again, and that as to such additional work the plaintiffs were not bound to get the certificates required by the original contract to entitle them to recover for the work so done. In our view of the case, the plaintiffs were not bound by the terms of the original contract after the defendant altered the plans and specifications and partially destroyed the work done by the plaintiffs, without their knowledge or consent and before they had time to procure the required certificates and inspection. The evidence and the findings of the jury being to the effect that at the time the building was raised plaintiffs had completed their work as required by the contract, the defendants cannot now refuse to pay because the plaintiffs have failed to procure the certificates required by the contract. The defendants, by their acts, have made it impossible for them to get such certificates.

There was no error in submitting the question as to the damages sustained by defective plumbing. If the plaintiffs undertook, after their work had been broken and put out of place by the acts of the defendants, to replace it and put it in repair, they were bound to do their work properly and in a workman-like manner, and if they failed to do so they would be liable to the defendants for any damages they sustained by their neglect in doing the work in a workman-like manner.

It is said the court erred in charging the jury that the damages for defective gas-fitting could not exceed the original cost of the work, viz., $16.50. It is probable that such instruction did not present the rule as to damages applicable to the case; but it is evident that the defendants

were not injured by the instruction, since the jury found that the damages sustained by the defendants on account of the imperfect work done on the gas-fitting was only $10. Had they found it to be $16.50, there might be some pretense that the defendants had been injured, and it might have been urged with great force that had it not been for this instruction the jury would have found larger damages. Having found the damages were less than the cost of the work, no injury was done by the instruction.

The only other error assigned is that, upon the whole case, and upon the findings of the jury, the court should have rendered judgment for the defendants instead of for the plaintiffs. The ground of this claim, made on the part of the defendants, is that the evidence shows that the contract was an entire contract, covering both the gas-fitting and plumbing, and the plaintiffs never procured the certificates required by the contract that the gas-fitting had been done according to the contract. If it be admitted that the contract was entire, and that the plaintiffs were bound to show a performance of the whole of it, and to obtain the certificates designated in the contract that it had been so performed before they were entitled to pay, we are still of the opinion that when the defendants changed the plans and specifications of the house, without the consent of the plaintiffs, and destroyed in part the work done by the plaintiffs, the plaintiffs were released from the strict terms of the original contract as to any work they did for the defendants thereafter. And the defendants having by their interference with the work done by the plaintiffs after it was substantially completed, rendered it impossible for them to procure the inspection and certificates required by the terms of the contract, they were not bound to produce them in order to entitle themselves to recover for the work so done. As the plaintiffs obtained nothing by the judgment of the court for the gas-fitting, and the defendants

received by the same judgment all the damages they had sustained by reason of any defective plumbing work done by the plaintiffs after they had substantially performed their contract as originally made, certainly no injustice has been done to the defendants.

*By the Court.*— The judgment of the circuit court is affirmed.